UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
TEAMSTERS LOCAL UNION NO. 436, : CASE NO. 1:11-CV-02653
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 8, 12.]
THE J.M. SMUCKER COMPANY, :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this labor dispute, Plaintiff Teamsters Local Union No. 436 moves to remand its challenge to an arbitration award to state court. [Doc. 8.] The Defendant, the J.M. Smucker Company, opposes the motion, saying that the claim is preempted by Section 301 of the Labor-Management Relations Act, 29 U.S.C.A. § 185(a). [Doc. 12.] Because the Plaintiff's claim requires consideration of the parties' collective bargaining agreement ("CBA"), it arises under federal law and may properly be removed to this Court. Accordingly, the Court **DENIES** the Plaintiff's Motion to Remand.

I. Background

On November 22, 2010, Dave Rose was displaced from his role as a team leader in the Food Service Department of Smucker's plant by a more senior employee, Pennie Graham. Smucker had discontinued Graham's former position as part of a plant-wide workforce reorganization. Under the terms of the CBA between Smucker and the Union, a senior employee may replace, or "bump," a less senior employee if she is laid off or her position eliminated. [Doc. 1-1 at 9.] After Smucker

Case No. 1:11-CV-02653
Gwin, J.

issued Graham a "bump slip" entitling her to assert her seniority in finding a new role, she sought to bump into Rose's position as team leader in the Food Service Department's Glass Line. Smucker refused, saying that recent amendments to the CBA reserved hiring discretion for team leader positions to management. [Doc. 1-2 at 32.] Instead, Graham bumped into a non-team-leader position. Shortly thereafter, Graham filed a grievance, saying that the CBA entitled her to bump Rose from his position as Glass Line team leader. Arbitrator Robert J. Vana found that Smucker's position violated the CBA and ordered Smucker to grant Graham the opportunity to bump into the team leader position, which she did. [Doc. 1-2 at 3, 17.]

The bump left Rose, the displaced team leader, at loose ends. Smucker did not, however, issue Rose a bump slip. The Union filed a grievance asserting his right to bump, but Arbitrator John J. Murphy concluded that Rose had no such right. Analyzing Pennie Graham's bump, Arbitrator Murphy found that though she had prevailed before Arbitrator Vana, Graham had never in fact established that her job had been eliminated. Smucker had merely been estopped in that proceeding from arguing the point because it had issued her a bump slip and effectively conceded the issue. Considering Graham's reassignment anew, Arbitrator Murphy ruled that Graham's job had *not* in fact been eliminated, as there had been no layoffs and no workforce reduction at the plant. Rose's job, Arbitrator Murphy concluded, was unaffected by layoffs or job eliminations and Rose therefore had no right to a "sequential" bump. [Doc. 1-2 at 21-24.] The Arbitrator's analysis relied on the CBA provision limiting bumping rights to circumstances where an employee's position has been eliminated.

On November 10, 2011, the Union filed this Complaint in state court, seeking to vacate the Rose arbitration award. [Doc. 1-1.] The Union says the award must be vacated because

-2-

Case No. 1:11-CV-02653
Gwin, J.

> [t]he arbitrator exceeded his powers in rendering the award. Specifically, the award disregards findings of fact made in prior, binding, un-appealed arbitration award,, [*sic*] wholly ignores undisputed and binding past practice, conflicts with the express terms of the collective bargaining agreement conflicts with a prior [*sic*], and cannot be derived rationally from the terms of that agreement.

[Doc. 1-1 at 3, 4.] A Motion to Vacate the arbitration award under Section 2711.10(D) of the Ohio Revised Code accompanied the Complaint, reiterating the Union's position that the award "failed to draw its essence from the collective bargaining agreement." [Doc. 1-2 at 1.]

Smucker removed the case to this Court on December 7, 2011. [Doc. 1-3.] On December 19, 2011, the Union sought remand to state court, saying that Section 301(a) of the Labor-Management Relations Act does not preempt its claim because the CBA need not be interpreted when an action is based upon rights created under state law. [Doc. 8 at 6, 7.] Rather, the Union says, Arbitrator Murphy exceeded his power and the Court need not analyze the CBA to make this ruling. [Doc. 8 at 7.] Smucker opposes the motion, saying that the Motion to Vacate is preempted by Section 301 because it requires interpretation of the CBA, and moves to enforce the arbitration award. [Doc. 12.]

II. Legal Standard

"A civil action filed in a state court may be removed to federal court if the claim is one "arising under" federal law." *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003). "If a federal cause of action completely preempts a state cause of action any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Id.* at 7 (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 23-24 (1983).

Section 301(a) of the Labor-Management Relations Act, 29 U.S.C.A. § 185, provides that "suits for violation of contracts between an employer and a labor organization . . . may be brought

-3-

Case No. 1:11-CV-02653
Gwin, J.

in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." Section 301 preempts state law when the application of state law requires the interpretation of a collective bargaining agreement. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988); *see also Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1329 (6th Cir.1989) (en banc) ("§ 301 preempts any state law claim arising from a breach of a collective bargaining agreement"). The "unusually 'powerful' pre-emptive force of § 301" authorizes removal of actions otherwise cognizable only under state law. *Anderson*, 539 U.S. at 7.

> To determine if Section 301 preempts a claim, courts undertake a two-pronged inquiry:
>
> first, the district court must examine whether proof of the state law claim requires the interpretation of collective bargaining agreement terms. Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law. If the right both is borne of state law and does not invoke contract interpretation, then there is no preemption.

*DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir.1994) (internal citations omitted); *Smolarek*, 879 F.2d 1326; *Terwilliger v. Greyhound Lines, Inc.*, 882 F.2d 1033, 1037 (6th Cir.1989).

### III. Analysis

Because the Union's state law claim requires interpretation of the CBA, it is preempted by Section 301. *DeCoe*, 32 F.3d at 216. This lawsuit therefore "arises under" federal law, 28 U.S.C. § 1441, and was properly removed. *Anderson*, 539 U.S. at 6-7.

The Union attempts to avoid the "powerful" preemptive force of Section 301 by saying that the action arises entirely under state law. The Union seeks vacatur under Section 2711.10(D) of the Ohio Revised Code, a statute that permits the state's Courts of Common Pleas to vacate arbitration

Case No. 1:11-CV-02653
Gwin, J.

awards if "[t]he arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and defined award upon the subject matter submitted was not made." And the Union has removed from its Motion to Remand the references to the CBA with which the underlying Complaint and Motion to Vacate were replete. The Union now emphasizes the state statutes under which this action is pled.

These tactics fail. The Court must inquire whether the essence of the claims implicate the CBA. See *DeCoe*, 32 F.3d at 216 (directing courts considering the effect of Section 301 preemption to "look to the essence of the plaintiff's claim."). And the ways in which the Union says that Arbitrator Murphy exceeded or imperfectly executed his authority are inextricable from the provisions of the CBA. The Union challenges the Arbitrator's award on the grounds that it conflicts with the express terms of the CBA, [Doc. 1-1 at 2], cannot be rationally derived from the CBA, [Doc. 1-1 at 2, 3], and fails to draw its essence from the CBA. [Doc. 1-1 at 3.] Indeed, the claimed right giving rise to this dispute—a senior employee's right to "bump" in to a position—was itself created by the parties' CBA. See *Gilreath v. Clemens & Co.*, 212 Fed.Appx. 451, 462 (6th Cir. 2007) ("[A] § 301 suit preempts state law claims inextricably bound up in an interpretation of a collective bargaining agreement, as well as state law claims brought to vindicate an employee's rights under such an agreement.")

In this case, the Union's claim derives from, and requires analysis of, the CBA. The action arises under federal law and was properly removed. *Anderson*, 539 U.S. at 6-7.

Case No. 1:11-CV-02653
Gwin, J.

## IV.  Conclusion

For the foregoing reasons, the Court **DENIES** the Plaintiff's Motion to Remand.

IT IS SO ORDERED.


Dated: June 8, 2012                                                  *s/     James S. Gwin*
                                                                     JAMES S. GWIN
                                                                     UNITED STATES DISTRICT JUDGE