UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
TEAMSTERS LOCAL UNION NO. 436 : CASE NO. 1:11-CV-02653
:
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. Nos. 16, 17, 18, 19.]
THE J.M. SMUCKER COMPANY :
:
Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this labor dispute, Plaintiff Teamsters Local Union No. 436 and Defendant, the J.M. Smucker Company, move for summary judgement, arguing, respectively, that this Court should vacate or affirm an arbitration award. Because the material facts of this case are not in dispute and the award was not even arguably interpreting the terms of the agreement, the Court must vacate the award. Accordingly, the Court **DENIES** the Defendant's Motion for Summary Judgment and **GRANTS** Plaintiff's Motion for Summary Judgement.

I. Background

This Court's June 8, 2012 order [Doc. 20] summarized the facts of this dispute:

> On November 22, 2010, Dave Rose was displaced from his role as a team leader in the Food Service Department of Smucker's plant by a more senior

Case No. 1:11-CV-02653
Gwin, J.

employee, Pennie Graham. Smucker had discontinued Graham's former position as part of a plant-wide workforce reorganization. Under the terms of the CBA between Smucker and the Union, a senior employee may replace, or "bump," a less senior employee if she is laid off or her position eliminated. [Doc. 1-1 at 9.] After Smucker issued Graham a "bump slip" entitling her to assert her seniority in finding a new role, she sought to bump into Rose's position as team leader in the Food Service Department's Glass Line. Smucker refused, saying that recent amendments to the CBA reserved hiring discretion for team leader positions to management. [Doc. 1-2 at 32.] Instead, Graham bumped into a non-team-leader position. Shortly thereafter, Graham filed a grievance, saying that the CBA entitled her to bump Rose from his position as Glass Line team leader. Arbitrator Robert J. Vana found that Smucker's position violated the CBA and ordered Smucker to grant Graham the opportunity to bump into the team leader position, which she did. [Doc. 1-2 at 3, 17.]

The bump left Rose, the displaced team leader, at loose ends. Smucker did not, however, issue Rose a bump slip. The Union filed a grievance asserting his right to bump, but Arbitrator John J. Murphy concluded that Rose had no such right. Analyzing Pennie Graham's bump, Arbitrator Murphy found that though she had prevailed before Arbitrator Vana, Graham had never in fact established that her job had been eliminated. Smucker had merely been estopped in that proceeding from arguing the point because it had issued her a bump slip and effectively conceded the issue. Considering Graham's reassignment anew, Arbitrator Murphy ruled that Graham's job had *not* in fact been eliminated, as there had been no layoffs and no workforce reduction at the plant. Rose's job, Arbitrator Murphy concluded, was unaffected by layoffs or job eliminations and Rose therefore had no right to a "sequential" bump. [Doc. 1-2 at 21-24.] The Arbitrator's analysis relied on the CBA provision limiting bumping rights to circumstances where an employee's position has been eliminated.

On November 10, 2011, the Union filed this Complaint in state court, seeking to vacate the Rose arbitration award. [Doc. 1-1.] The Union says the award must be vacated because

> [t]he arbitrator exceeded his powers in rendering the award. Specifically, the award disregards findings of fact made in prior, binding, un-appealed arbitration award,, [*sic*] wholly ignores undisputed and binding past practice, conflicts with the express terms of the collective bargaining agreement conflicts with a prior [*sic*], and cannot be derived rationally from the terms of that agreement.

[Doc. 1-1 at 3, 4.] A Motion to Vacate the arbitration award under Section 2711.10(D) of the Ohio Revised Code accompanied the Complaint, reiterating the Union's position that the award "failed to draw its essence from the collective bargaining agreement." [Doc. 1-2 at 1.]

Smucker removed the case to this Court on December 7, 2011. [Doc. 1-3.]

-2-

Case No. 1:11-CV-02653
Gwin, J.

> On December 19, 2011, the Union sought remand to state court, saying that Section 301(a) of the Labor-Management Relations Act does not preempt its claim because the CBA need not be interpreted when an action is based upon rights created under state law. [Doc. 8 at 6, 7.]

On June 8, 2012, this Court denied the Union's Motion to Remand. The Court found the Union's state law claim required interpretation of the CBA, and was thus preempted by Section 301. *See DeCoe v. General Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994). In so deciding, the Court determined that

> the ways in which the Union says that Arbitrator Murphy exceeded or imperfectly executed his authority are inextricable from the provisions of the CBA. The Union challenges the Arbitrator's award on the grounds that it conflicts with the express terms of the CBA, [Doc. 1-1 at 2], cannot be rationally derived from the CBA, [Doc. 1-1 at 2, 3], and fails to draw its essence from the CBA. [Doc. 1-1 at 3.] Indeed, the claimed right giving rise to this dispute—a senior employee's right to "bump" in to a position—was itself created by the parties' CBA. *See Gilreath v. Clemens & Co.*, 212 Fed.Appx. 451, 462 (6th Cir. 2007) ("[A] § 301 suit preempts state law claims inextricably bound up in an interpretation of a collective bargaining agreement, as well as state law claims brought to vindicate an employee's rights under such an agreement.")

The Union now argues for summary judgement vacating the Murphy award. It says that Arbitrator Murphy "blatantly failed to adhere to the factual determination made in a prior, binding arbitration award." [Doc. 17 at 1]. In so doing, it says, Arbitrator Murphy's award "failed to draw its essence from the collective bargaining agreement and was both arbitrary and capricious." [Doc. 17 at 1]. Smucker counters that this Court need only review the Murphy award to determine "whether Arbitrator Murphy, in resolving the legal or factual disputes in the Rose Grievance, was 'arguably construing or applying the contract.'" [Doc. 16-1 at 14] (quoting *Mich. Family Res., Inc. v. SEIU, Local 517 M*, 475 F.3d 753, 753 (6th Cir. 2007) (*en banc*)).

**II. Summary Judgement**

Case No. 1:11-CV-02653
Gwin, J.

At summary judgment the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). In response, the nonmoving party must "present sufficient evidence through the pleadings and the materials produced through discovery from which a jury could reasonably find in [its] favor." Berryman v. SuperValu Holdings, Inc., 669 F.3d 714, 717 (6th Cir.2012). "A party asserting that a fact ... is genuinely disputed must ... [cite] particular parts of materials in the record." Fed.R.Civ.P. 56(c). "If a party fails to properly support an assertion of fact . . . the court may . . . consider the fact undisputed for the purposes of the motion." Fed.R.Civ.P. 56(e). In deciding a motion for summary judgment, the Court "considers the facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of the nonmoving party." LensCrafters, Inc. v. Robinson, 403 F.3d 798, 802 (6th Cir.2005). But "[t]he judge is not to weigh the evidence and determine the truth of the matter, but rather determine whether there is a genuine issue for trial." Totes Isotoner Corp. v. Int'l Chem. Workers Union Council/UFCW Local 664C, 532 F.3d 405, 411 (6th Cir. 2008).

"In the context of arbitration, 'courts play only a limited role when asked to review the decision of an arbitrator.' Id. (further citation omitted). Accordingly, summary judgement is appropriate if this court has sufficient undisputed facts to review the arbitrator's award. Here, neither party suggests that facts relevant to this review are in dispute. Thus summary judgment is appropriate.

### III. The Murphy Award

This Court must uphold an arbitration award unless,

> (1) it "conflicts with express terms of the collective bargaining agreement; (2)[it] imposes additional requirements that are not expressly provided in the agreement; (3)[it] is without rational support or cannot be rationally derived from the terms of

Case No. 1:11-CV-02653
Gwin, J.

> the agreement; and (4)[it] is based on general considerations of fairness and equity instead of the precise terms of the agreement." If a dissatisfied party to an arbitration satisfied any one of these tests, . . . the court should not enforce the award.

*Mich. Family Res.*, 475 F.3d at 751 (further citations omitted). Still, for each test, "[a]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Id.* at 752 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

The instant dispute primarily concerns Arbitrator Murphy's interpretation of the term "elimination" under the CBA. Under the CBA bump rights accrue after a "layoff or job elimination." [Doc. 17-4 at 8]. Arbitrator Murphy's analysis, albeit clumsily, flowed from his finding that "Graham's job was not eliminated." [Doc. 17-2 at 10]. Since Graham's job had not been eliminated, Murphy reasoned, Rose could not have been "effected" by its elimination, the prerequisite to his own secondary-bump claim. The Union argues that Murphy erred in this determination, and that his analysis was "arbitrary and capricious," warranting vacation. [Doc. 17] To prevail on this claim, the Union must show that Graham's job was "eliminat[ed]," and that Murphy's contrary findings are not even "arguably correct." It aims to do so on two grounds. First, it says that Arbitrator Murphy was bound by Arbitrator Vana's finding that Graham's job had been eliminated. [Doc. 17 at 8-9]. Second, it says that "Graham's position was, in fact, discontinued."

The Court agrees with the Union. First, Murphy's Award "conflicts with express terms" of the CBA because it fails to accord the Vana Award preclusive effect with respect to Mr. Rose. Second, Arbitrator Murphy failed to look to the past practices of the parties to interpret any ambiguity regarding the interplay of the CBA's arbitration and sequential bumping provisions. That

-5-

Case No. 1:11-CV-02653
Gwin, J.

past practice shows an established protocol according a bump to each bumped employee. Murphy's failure to analyze the interplay between these provisions shows that he was not even "arguably construing" the CBA.

Arbitrator Murphy was obligated to defer to the Vana Award, because Rose was "effected" by the Vana Award.  While it is true that "absent a contractual provision to the contrary, the preclusive effect of an earlier arbitration award is to be determined by the arbitrator," here the CBA is clear. *UAW v. Dana Corp.*, 278 F.3d 548, 557 (6th Cir. 2002).  The CBA deems arbitration awards "final and binding on the parties and *all effected employees*." [Doc. 17-4 at 25 (emphasis added)].  The Union says, with respect to the Vana, award that the reference to "all effected employees" should be read to include Rose, and thus to require that Arbitrator Murphy accord preclusive effect to the Vana Award. [Doc. 19 at 3-4]. Smucker says that since "[t]he Vana award[,] by its express terms[,] ran to the benefit solely of Ms. Graham" it did not "effect[]" any other employee.  [Doc. 18 at 4].  The Court agrees with the Union.  Under long-recognized practice, Smucker and the Union allowed employees who were bumped from their position by a more senior employee's exercise of bumping right to bump a less senior employee.  Here employee Graham bumped Rose with Smucker's agreement that a job elimination had occurred.  Rose was unquestionably "effected" by the Vana award–he was displaced from his position as team leader as a result.  As such, the CBA required Arbitrator Murphy to defer to the Vana award at least with respect to Mr. Rose.  Murphy's failure to do so renders his award in conflict with the express terms of the CBA.

Arbitrator Murphy's analysis also failed to consider the collective impact of the CBA's "all effected employees" arbitration clause and the CBA's sequential bumping provision ("In case of

Case No. 1:11-CV-02653
Gwin, J.

layoff or job elimination, any employee on a bid job affected shall have the right to replace any less senior employee . . . .). [Doc 17-4 at 8]. In this respect, Arbitrator Murphy was also not even "arguably construing or applying the contract"; he was not applying the collective bargaining agreement at all." *Mich. Family Res.*, 475 F.3d at 752. .[1/] If he had any doubt as to the meaning of the combination of these provisions, the Arbitrator Murphy should have considered the past practice of the parties. *See Beacon Journal Pub. Co. v. Akron Newspaper Guild, Local No. 7*, 114 F.3d 596, 601 (6th Cir. 1997). Here the Union argues [Doc. 17 at 11-13] and Smucker declines to dispute [Doc. 16-1 at 13-14] that "once an employee has been bumped, that bumped employee has been permitted to exercise his/her bumping rights." Arbitrator Murphy's failure to consider this practice suggests that he was not even "arguably construing the contract" and, as a result, issued a decision "without rational support" in the CBA." *Mich. Family Res.*, 475 F.3d at 751, 752.

Arbitrator Murphy's reasoning is cursory, meandering, and generally unclear. Contrary to Smucker's assertion [Doc. 16-1 at 17] the Murphy Award's ambiguity does not require this Court to presume that the Murphy award can "arguably" be "rationally derived from the terms of the agreement." *Id.* at 751, 752. As the foregoing analysis shows the Murphy award stands in contravention to the agreement, and all the more so in light of the parties' past practice. For these reasons the Court vacates the Murphy award.

---

[1/] Moreover, the perverse incentives of Smucker's position would undercut the entirety of the CBA's sequential bumping provision, and much of the CBA itself. Under Smucker's position, it could grant a bump slip to any employee, allow that employee to bump another employee, and then deny the second employee a bump slip arguing that the first employee's bump slip had been improvidently granted. Such a state of affairs "is without rational support" in the CBA. *Mich. Family Res.*, 475 F.3d at 751

Case No. 1:11-CV-02653
Gwin, J.

## IV.  Conclusion

For the foregoing reason the Court **DENIES** Defendant's motion for summary judgment and **GRANTS** Plaintiff's motion for summary judgment.

IT IS SO ORDERED.


Dated:  September 24, 2012    *s/     James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE